UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,	Case No. 14-cr-208 (PAM/LIB)

                Plaintiff,

v.	**ORDER**

Ernest Donald Drift, Jr.,

                Defendant.

This matter is before the Court on the parties' Motions in Limine. For the reasons that follow, the Government's Motions are granted in part and denied in part, Drift's Motions are denied, and the Government's Supplemental Motion is denied.

**A.	Government's Motions**

    **1.	Unopposed Motions**

The Government first moves to bar Drift from discussing evidence of its witnesses' bad acts in the jury's presence without first resolving any admissibility issues of the evidence outside the jury's presence; to bar Drift from referencing his potential punishment in the jury's presence; and to sequester potential witnesses except for its case agent, FBI Special Agent Craig Heidenreich. Drift agrees. The Court grants the Motions.

    **2.	Examining Jane Doe #1**

The Government next moves to examine Jane Doe #1, a child witness and the alleged victim in this sexual-abuse case, in a manner suitable to her age and with leading questions necessary to develop her testimony. Drift agrees but asks that the Court direct the

Government to limit leading questions so to avoid coaching her. Considering Jane Doe #1's status as a minor and as the alleged victim, the Court will "exercise reasonable control" over her examination. Fed. R. Evid. 611(a). The Government may examine her with leading questions "necessary to develop [her] testimony" if she shows "reluctance to testify." Fed. R. Evid. 611(c); United States v. Demarrias, 876 F.2d 674, 678 (8th Cir. 1989). But in doing so, the Government may not "engage[] in a pattern of leading questions attempting to shape [her] testimony." United States v. Butler, 56 F.3d 941, 943 (8th Cir. 1995). The Court grants the Motion to that extent.

### 3. Using a Child-Friendly Oath

The Government also moves the Court to use a child-friendly oath when Jane Doe #1 testifies, replacing the term "swear" with "promise" to tell the truth. Drift agrees. Before she testifies, the Court will have Jane Doe #1 give an oath to testify truthfully "in a form designed to impress that duty on [her] conscience." Fed. R. Evid. 603. The Court grants the Motion to that extent.

### 4. Admitting Jane Doe #1's Prior Statements

The Government further moves to admit Jane Doe #1's prior statements about the alleged incident made to Melissa Lehr, a forensic interviewer, and Nadine Luecken, her grandmother. According to the Government, the statements are not hearsay because they are consistent and would be offered to rebut any allegation that Jane Doe #1 recently changed stories or to rehabilitate her if impeached. Subject to his Motion in Limine on the forensic interview, which the Court will address below, Drift agrees but asks that only the particular

2

consistent statements in the forensic interview, and not the whole interview, should be admitted. The Government may introduce certain of Jane Doe #1's prior statements to both Lehr and Luecken if they are "consistent with her testimony," and are offered "to rebut an express or implied charge that [she] recently fabricated [them] or acted from a recent improper influence or motive in so testifying" or "to rehabilitate [her] credibility as a witness when attacked on another ground." Fed. R. Evid. 801(d)(1)(B); see also United States v. Espinoza, 684 F.3d 766, 781-82 (8th Cir. 2012); United States v. Hoover, 543 F.3d 448, 454 (8th Cir. 2008). The Court grants the Motion to that extent.

### 5.  Admitting Drift's Prior Convictions

The Government also moves to admit, if Drift testifies, evidence of his 2008 felony convictions for operating under the influence and terroristic threats. Seeking to attack Drift's credibility, the Government intends to introduce only the nature, location, and date of the convictions, but not their underlying facts. Drift objects to the admission of the terroristic-threats conviction as having minimal relevance to his veracity and as posing a significant risk that the jury will find guilt based on that conviction and not on the facts of this charge.

The Court must admit evidence of a testifying criminal defendant's prior felony conviction if the evidence's "probative value" of the defendant's "character for truthfulness" "outweighs its prejudicial effect." Fed. R. Evid. 609(a)(1)(B). A prior conviction is probative of credibility because of the "common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." Cummings v. Malone, 995 F.2d 817, 826 (8th Cir. 1993).

The Court concludes that the probative value of both convictions outweigh their prejudicial effect. If Drift testifies, he will likely tell a contradictory version of the alleged incident or deny that the incident occurred—thereby putting his credibility directly at issue. His recent prior convictions are probative of that credibility. And the Government's assurance that it will not present the underlying facts of the convictions will mitigate the otherwise underwhelming prejudicial impact on Drift. The Government may therefore introduce evidence of the operating-under-the-influence and terroristic-threats convictions for impeachment purposes. The Court grants the Motion.

### 6. Introducing Drift's Hearsay Testimony

Finally, the Government moves to bar Drift from introducing his hearsay testimony because only it may introduce such testimony as an opposing party's statements under Federal Rule of Evidence 801(d)(2). Drift responds that he might seek to introduce certain of his statements under various exceptions to the rule against hearsay. The admissibility of Drift's hearsay testimony is best determined at trial. The Court denies the Motion without prejudice to specific objections at trial.

## B. Drift's Motions

### 1. Excluding Government Expert Testimony

Drift first moves to exclude any Government expert testimony and evidence of a witness's expert qualifications, methods, procedures, or opinions because the Government has not identified any expert witnesses. Drift's Motion pertains mostly to the Government's examination of Lehr, the forensic interviewer. The Government responds that it does not

4

intend to introduce expert testimony or opinion evidence, and that it only intends to examine Lehr as a fact witness about both the substance of the interview and her background as an interviewer. The Court denies the Motion without prejudice to further argument at trial.

### 2. Excluding the Forensic Interview

Drift next moves to exclude, if Jane Doe #1 does not testify, the forensic interview on the ground that it would violate his Confrontation Clause rights. The Government responds that Jane Doe #1 will testify before it will introduce the forensic interview. The Court denies the Motion as moot.

### 3. Referring to the Forensic Interview

Drift also moves to exclude any reference to the forensic interview as a "forensic interview," arguing that reference would give the interview an "imprimatur of validity." The Government summarily objects. Drift has failed to cite a basis for the Motion. The Court denies the Motion without prejudice to further argument at trial.

### 4. Admonishing and Excluding Witness Testimony

Finally, Drift moves to admonish and exclude any witness from giving any testimony that vouches for Jane Doe #1's testimony, opines about his guilt, or refers to his prior convictions unless admitted. The Government does not object. But the admissibility of this type of testimony is best determined at trial. The Court denies the Motion without prejudice to specific objections at trial.

**C.     Government's Supplemental Motion**

In a supplemental submission, the Government moves to admit Jane Doe #1's prior statements about the alleged incident made to Lehr and Luecken alternatively under the residual exception to the rule against hearsay. Because the Government filed the Supplemental Motion after the deadline for motions in limine had passed and did not explain the basis for the admissibility of the statements until its trial brief, Drift has not had a chance to respond.

The Court may admit hearsay that is not otherwise excepted if, among other things, the statement "has equivalent circumstantial guarantees of trustworthiness." Fed. R. Evid. 807(a)(1). To assess the trustworthiness of a statement made by an alleged child victim in a sexual-abuse case to a forensic interviewer, the Court considers a wide range of non-exclusive factors: "the training and experience of the interviewer; whether the child was interviewed using open-ended questions; the age of the child and whether the child used age-appropriate language in discussing the abuse; the length of time between the incident of abuse and the making of the hearsay statement; and whether the child repeated the same facts consistently to adults." United States v. Thunder Horse, 370 F.3d 745, 748 (8th Cir. 2004).

The Government has not yet offered a sufficient basis for the Court to apply the Thunder Horse factors. The Court thus cannot yet determine whether Jane Doe #1's statements contain adequate circumstantial guarantees of trustworthiness. The Court denies the Supplemental Motion without prejudice to further argument at trial.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Motions in Limine (Docket No. 26) are **GRANTED in part** and **DENIED in part** as set forth above;

2. Drift's Motions in Limine (Docket No. 27) are **DENIED** as set forth above; and

3. The Government's Supplemental Motion in Limine (Docket No. 34) is **DENIED** as set forth above.

Dated: <u>September 19, 2014</u>

<i>s/ Paul A. Magnuson</i><br>
Paul A. Magnuson<br>
United States District Court Judge